## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

CAVARICCI J.,

Plaintiff,

v.

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,[1]

Defendant.

Case No. 19-cv-0162

Judge Mary M. Rowland

## MEMORANDUM OPINION AND ORDER

Plaintiff Cavaricci J.[2] filed this action seeking reversal or remand of the final decision of the Commissioner of Social Security denying his application for Supplemental Security Income (SSI) under the Social Security Act (the Act). For the reasons stated below, the Court grants Plaintiff's motion for summary judgment [29] and denies the Commissioner's motion for summary judgment [37]. The case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

## I. PROCEDURAL HISTORY

Plaintiff applied for SSI on January 16, 2015, alleging that he became disabled on November 15, 1990. (R. at 404).[3] The application was denied initially and on

---

[1] Kilolo Kijakazi has been substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

[2] In accordance with Internal Operating Procedure 22, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[3] The Court uses the CM/ECF page numbers on the filings.

reconsideration, after which Plaintiff filed a timely request for a hearing. (*Id*.). On August 22, 2017, Plaintiff, represented by counsel, testified at a hearing before an Administrative Law Judge (ALJ). (*Id*.). The ALJ also heard testimony from Plaintiff's mother and from Edward Steffan, a vocational expert (VE). (*Id*.). The ALJ denied Plaintiff's request for benefits on December 4, 2017. (*Id*. at 404–15).[4]

Applying the five-step sequential evaluation process, the ALJ found, at step one, that Plaintiff had not engaged in substantial gainful activity since his application date of January 16, 2015. (*Id*. at 406). At step two, the ALJ found that Plaintiff had severe impairments of seizure disorder and a traumatic brain injury. (*Id*.). The ALJ found Plaintiff had non-severe impairments of sinus issues and visual deficits. (*Id*. at 406). At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of any of the enumerated listings in the regulations. (*Id*. at 407). The ALJ then assessed Plaintiff's Residual Functional Capacity (RFC)[5] and determined that Plaintiff has the RFC to perform light work except:

> occasional balancing; no climbing of ladders, ropes or scaffolds; no working around hazards such as unprotected heights and dangerous moving machinery; no operation of a motor vehicle; only simple, routine, repetitive tasks and simple work related decision making; a static work environment with no more than occasional changes to the work setting; no work requiring more than simple, basic math abilities; no fast-paced production pace work, but can perform goal orientated work; no more than occasional contact with the general public; and only untimed tasks

---

[4] On June 21, 2013, an ALJ ruled on Plaintiff's 2010 application for child insurance benefits and SSI. The ALJ found that Plaintiff was not disabled. (*Id*. at 383–395).

[5] "The RFC is the maximum that a claimant can still do despite his mental and physical limitations." *Craft v. Astrue*, 539 F.3d 668, 675–76 (7th Cir. 2008); 20 C.F.R. § 404.1545(a).

(meaning there should be end of the day production quotas, not assembly line type of work).

(*Id.* at 409).

Based on Plaintiff's RFC and the VE's testimony, the ALJ determined at step four that there are jobs in significant numbers in the national economy that Plaintiff can perform. (*Id.* at 414). Thus, the ALJ found that Plaintiff had not been under a disability since January 16, 2015, the date he filed the application. (*Id.* at 415). The Appeals Council denied Plaintiff's request for review on October 19, 2018. (*Id.* at 7). Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *Villano v. Astrue*, 556 F.3d 558, 561–62 (7th Cir. 2009).

## II. STANDARD OF REVIEW

Section 405(g) of the Act authorizes judicial review of the Commissioner's final decision. 42 U.S.C. § 405(g). The Court may not engage in its own analysis of whether the plaintiff is disabled, nor may it "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or, in general, substitute [its] own judgment for that of the Commissioner." *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). "The ALJ's decision will be upheld if supported by 'substantial evidence,' which means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Jozefyk v. Berryhill*, 923 F.3d 492, 496 (7th Cir. 2019) (quoting *Moore v. Colvin*, 743 F.3d 1118, 1120–21 (7th Cir. 2014)). Substantial evidence "must be more than a scintilla but may be less than a preponderance." *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). In addition, the ALJ must "explain his analysis of the evidence with enough detail and clarity to permit meaningful appellate review."

*Scrogham v. Colvin*, 765 F.3d 685, 695 (7th Cir. 2014) (quoting *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005)). The Court accords great deference to the ALJ's determination, but "must do more than merely rubber stamp the [ALJ]'s decision []." *Scott v. Barnhart,* 297 F.3d 589, 593 (7th Cir. 2002) (alterations in original) (quoting *Erhart v. Sec'y of Health & Human Servs.*, 969 F.2d 534, 538 (7th Cir. 1992)). The deferential standard "does not mean that we scour the record for supportive evidence or rack our brains for reasons to uphold the ALJ's decision." *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014). "Rather, it is up to the ALJ to articulate the relevant evidence and explain how that evidence supports her ultimate determination." *Noonan v. Saul*, 835 F. App'x 877, 880 (7th Cir. 2020). "If a decision 'lacks evidentiary support or is so poorly articulated as to prevent meaningful review,' a remand is required." *Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012) (quoting *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002)). Reversal and remand may be required "if the ALJ committed an error of law, or if the ALJ based the decision on serious factual mistakes or omissions." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) (internal citations omitted).

## III. DISCUSSION

Seeking remand or an award of benefits, Plaintiff argues that (1) the ALJ did not consider all of the evidence establishing he is disabled due to his seizure disorder; (2) the ALJ failed to accommodate all of his limitations in his RFC; and (3) the ALJ erred

in not considering certain evidence. The Court agrees with Plaintiff that remand is warranted for the ALJ to consider new and material evidence.[6]

## A. The Appeals Council's Decision is Reviewable

After the ALJ issued her decision, Plaintiff submitted additional treatment records to the Appeals Council, including records dated December 2017, January 2018, and April 2018. Although generally the Court can only consider evidence that was before the ALJ, *see Eads v. Sec'y of Dep't of Health & Hum. Servs.*, 983 F.2d 815, 817 (7th Cir. 1993), the Court maintains jurisdiction to review whether the Appeals Council erred by denying review, *see Stepp v. Colvin*, 795 F.3d 711, 722 (7th Cir. 2015); 20 C.F.R. § 416.1470(a). The parties first dispute whether the Appeals Council's determination about the December 2017 records is reviewable.

20 C.F.R. § 404.970 and 20 C.F.R. § 416.1470 provide, in relevant part:

(a) The Appeals Council will review a case if –

* * *
(5) Subject to paragraph (b) of this section, the Appeals Council receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision.

As the Seventh Circuit explained in *Stepp*, review of the Appeals Council's decision depends "on the grounds on which the Council declined to grant plenary review." 795 F.3d at 722. "If the Council determined [claimant's] newly submitted evidence was, for whatever reason, not new and material, and therefore deemed the

---

[6] Because the Court remands on this ground, it need not address Plaintiff's other arguments at this time.

evidence 'non-qualifying under the regulation,' we retain jurisdiction to review that conclusion for legal error." *Id.* (quoting *Farrell v. Astrue*, 692 F.3d 767, 771 (7th Cir. 2012)). But "if the Appeals Council deemed the evidence new, material, and time-relevant but denied plenary review of the ALJ's decision based on its conclusion that the record—as supplemented—does not demonstrate that the ALJ's decision was 'contrary to the weight of the evidence'—the Council's decision not to engage in plenary review is 'discretionary and unreviewable.'" *Id.* (quoting *Perkins v. Chater*, 107 F.3d 1290, 1294 (7th Cir. 1997)).

Here, the Appeals Council stated, under the heading "Additional Evidence," "You also submitted . . . medical records from . . . Franciscan Health dated December 2, 2017 through December 5, 2017 (35 pages). We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence." (R. at 8). The Franciscan records show that Plaintiff went to the emergency room because of a seizure on December 2, 2017 and was diagnosed with a "breakthrough seizure." (R. at 37–79). He was admitted on December 2 and discharged on December 5, 2017. (*Id.*).

The Court finds the Appeals Council's treatment of the December 2017 records reviewable. This Court agrees with other courts concluding that the same language the Appeals Council used here amounted to a rejection of the additional evidence as non-qualifying. *See, e.g., Tina C. v. Saul*, No. 3:20-CV-308, 2021 WL 1851655, at *4 (N.D. Ind. May 10, 2021) (describing the language as "boilerplate" and "a rejection of the additional evidence as non-qualifying under the regulation . . . requir[ing] the

court to review the Council's rejection of the additional evidence as new and material *de novo*"); *see also, e.g.*, *Dale T. v. Saul*, 20-CV-136-JVB, 2021 WL 2227152, at *2 (N.D. Ind. May 27, 2021) (observing that the "reasonable probability" language indicates the Appeals Council found the evidence non-qualifying, making the Council's decision reviewable); *Arndt v. Kijakazi*, No. 4:19-CV-98-TLS, 2021 WL 5905646, at *4 (N.D. Ind. Dec. 14, 2021) (stating that "the Court will not presume the Appeals Council made a discretionary determination" based on its boilerplate language); *Lawson v. Saul*, No. 18 CV 4180, 2020 WL 2836775, at *9 (N.D. Ill. June 1, 2020) (finding review available when the Council used similar boilerplate language); *Holmes v. Berryhill*, No. 16 CV 11264, 2017 WL 5891057, at *5 (N.D. Ill. Nov. 29, 2017) (concluding that similar boilerplate language permitted review).

Not all district courts agree on this issue. *See, e.g.*, *Jandt v. Saul*, No. 18-C-737, 2019 WL 4464763, at *5 (E.D. Wis. Sept. 18, 2019). However, this Court is persuaded by the aforementioned cases, as well as guidance from the Seventh Circuit in *Farrell*, 692 F.3d at 771 (describing ambiguity in Appeals Council's language but nevertheless finding that the Council rejected claimant's new evidence as non-qualifying), *DeGrazio v. Colvin*, 558 F. App'x 649, 650 (7th Cir. 2014) (reasoning that boilerplate language showed that the Appeals Council did not consider evidence), and *Stepp*, 795 F.3d at 725 n.7 (stating that "in all fairness to the party appealing the ALJ's decision, the Appeals Council should articulate its reasoning"); *see also Musonera v. Saul*, 410 F. Supp. 3d 1055, 1062 (E.D. Wis. 2019) (explaining that neither the court nor the Commissioner's counsel can fill in the gaps of an ambiguous decision).

### B. New and Material Evidence

Next the Court considers whether the December 2017 records were "new" and "material." *See Similia v. Astrue*, 573 F.3d 503, 522 (7th Cir. 2009). The adjudicative period in this case ended on the date of the ALJ's decision, December 4, 2017 (*see* Dkt. 37 n.8), and the seizure and resulting hospitalization occurred on December 2, 2017. This evidence thus did not exist and was not available to Plaintiff at the time of the administrative proceeding in August 2017. Defendant does not contest that the December 2017 records are "new." Defendant argues instead that this evidence is immaterial because it does not undermine the foundation of the ALJ's decision. Evidence is "material" if "there is a 'reasonable probability' that the ALJ would have reached a different conclusion had the evidence been considered." *Similia*, 573 F.3d at 522 (quoting *Schmidt v. Barnhart*, 395 F.3d 737, 742 (7th Cir. 2005)).

Defendant contends that there was never any dispute that Plaintiff experiences seizures: the ALJ found that the seizure disorder was a severe impairment, and the ALJ limited him to light work with postural and environmental restrictions. Plaintiff argues that the ALJ's decision demonstrates that the December 2017 seizure and hospitalization are "material." The ALJ stated:

- "[C]laimant was hospitalized for seizures in 2012 [but] [t]here has been little to no treatment for seizures thereafter," (R. at 407);

- "The medical file . . . does not contain any evidence to support seizures, beyond the allegations by the claimant and his mother and prescriptions for medications," (*id.*);

- "There has been absolutely no treatment with any doctor for seizures in years," (*id.*); and

- "The record . . . further does not contain any emergency room or hospital records for a seizure since the filing date for his SSI claim before me," (*id.* at 410).

The ALJ also acknowledged that Plaintiff was taking Lamictal[7] but noted he had not been examined by neurologists or other doctors. (*Id.* at 410). Summarizing, the ALJ explained that the RFC was "supported by the lack of new and material evidence since the prior [2013] ALJ decision." (*Id.* at 414).

The Court agrees with Plaintiff that the December 2017 seizure and hospitalization records are "material." In *Stepp*, the Seventh Circuit found materiality where the ALJ's decision rested "in large part on the conclusion that [claimant's] condition had improved over the course of the adjudicative period" and the plaintiff's new evidence "undermine[d] that position." 795 F.3d at 725–26. Similarly here, the ALJ relied on the fact that the records showed no hospitalization or emergency room visits for seizures and no treatment for seizures in years, concluding the record did not "contain *any* evidence to support seizures" other than Plaintiff's and his mother's statements. (R. at 407 (emphasis added)). The December 2017 records show the opposite, therefore warranting remand. *See Arndt,* 2021 WL 5905646, at *6 (concluding that "the evidence meets [the materiality] standard because it helps address the ALJ's concerns about the consistency between the medical evidence and the Plaintiff's statements regarding the intensity, persistence and limiting effects of his symptoms") (internal quotation marks omitted); *McHenry*

---

[7] Lamictal is used to "treat certain types of seizures in patients who have epilepsy." *See Lamotrigine*, https://medlineplus.gov/druginfo/meds/a695007.html#why (last visited Mar. 30, 2022).

*v. Colvin*, No. 14-2178, 2016 WL 1452211, at *3 (C.D. Ill. Mar. 23, 2016) ("While it is not certain that a review of the [new evidence] will change the ALJ's disability determination, there is at least a 'reasonable probability' that a different conclusion would have been reached if the ALJ considered the [new evidence]."), *report and recommendation adopted*, 2016 WL 1449542 (C.D. Ill. Apr. 12, 2016).[8]

The Court remands the case to the ALJ to re-evaluate Plaintiff's RFC in light of the information presented in the December 2017 records.

### C. Request for Award of Benefits

The Court denies Plaintiff's request for an award of benefits. The Court does not believe this case meets the high standard for reversal and an award of benefits. *See Briscoe*, 425 F.3d at 355 (instructing that courts should reverse with an instruction to award benefits only if "all factual issues have been resolved and the record can yield but one supportable conclusion.") (internal quotation marks and citation omitted); *see also Martin v. Saul*, 950 F.3d 369, 377 (7th Cir. 2020) ("The vast majority of the time we will not award benefits and instead remand for further proceedings.").

## IV. CONCLUSION

For these reasons, the Court grants Plaintiff's motion for summary judgment [29] and denies the Commissioner's motion for summary judgment [37]. Accordingly the

---

[8] Defendant also argues that a worsening condition after the adjudicative period does not provide a basis for granting benefits (Dkt. 37 at 13). But the seizure and hospitalization occurred *during* the adjudicative period. The question here, where the ALJ relied on a lack of medical records showing seizures, is not about a worsening condition but about "new evidence [that] fills in th[e] evidentiary gap." *Farrell*, 692 F.3d at 771.

ALJ's decision is reversed, and the case remanded to the Commissioner for further proceedings consistent with this opinion. Civil case terminated.

E N T E R:

Dated: April 5, 2022

MARY M. ROWLAND
United States District Judge